Maurice ISABEL, Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 92–1421.

United States Court of Appeals,
First Circuit.

Submitted July 8, 1992.
Decided Nov. 25, 1992.

Maurice Isabel, on brief, pro se.

Jeffrey R. Howard, U.S. Atty., and Peter E. Papps, First Asst. U.S. Atty., Concord, N.H., on motion for summary disposition, for respondent, appellee.

Before SELYA, CYR and BOUDIN, Circuit Judges.

BOUDIN, Circuit Judge.

Appellant Maurice Isabel was convicted on April 30, 1990 of conspiring to file false tax documents and conspiring to launder drug trafficking proceeds, in violation of 18 U.S.C. §§ 371, 1956(a)(1)(B)(i). On July 23, 1990, he was sentenced to fifty-seven months' imprisonment. On appeal, his conviction was affirmed. *United States v. Isabel*, 945 F.2d 1193 (1st Cir.1991). Isabel then filed a motion under 28 U.S.C. § 2255 seeking to have his sentence vacated, set aside or corrected. The district court denied relief, and Isabel filed the present appeal.

On this appeal, Isabel argues that the district court erred at sentencing by enhancing his sentence for obstruction of jus-

tice and by failing to reduce his base offense level to reflect acceptance of responsibility. He also says that he received ineffective assistance of counsel at sentencing and that findings required by Fed. R.Crim.P. 32(c)(3)(D) were not made.[1] We affirm in part and remand in part.

## I. THE OBSTRUCTION ENHANCEMENT

Isabel's primary claim on the appeal is a challenge to an obstruction of justice enhancement that the district court made in originally sentencing him. The court enhanced his base offense level under section 3C1.1 of the Sentencing Guidelines because Isabel made false statements to investigators after his arrest. The guideline in effect at the time of sentencing reads as follows: "If the defendant willfully impeded or obstructed, or attempted to impede or obstruct, the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1 (1989). It was Isabel's position at sentencing, as now, that any false or misleading statements he made at the time of his arrest did not in fact hamper the investigation.

In his section 2255 motion, Isabel argued to the district court that an amendment to the commentary to section 3C1.1, which occurred after his sentencing, made clear that the court should not have applied the enhancement in his case.[2] The version of the commentary in effect when he was sentenced did not explicitly address the question whether false or misleading statements that fail to mislead still merit the enhancement. It did, however, contain general language stating that the section 3C1.1 enhancement applied to "a defendant who engages in conduct calculated to mislead or deceive authorities ... in respect to the instant offense." U.S.S.G. § 3C1.1, comment (1989). Based on the guideline's language, the pre-sentence report recommended an enhancement for obstruction which, after a sentencing hearing, the district court found to be justified.

Several months after Isabel was sentenced, the commentary to section 3C1.1 was amended. It now states that materially false statements to law enforcement officers "that significantly obstructed or impeded the official investigation or prosecution of the instant offense" warrant an enhancement, but other "false statements, not under oath," to law enforcement officers do not. U.S.S.G. § 3C1.1, application notes 3(g) and 4(b) (1992). We have interpreted that provision to mean precisely what it says: that an enhancement may be made for unsworn, false statements to law enforcement officers only if the government shows that the statements significantly obstructed or impeded the official investigation or prosecution of the offense. *See United States v. Manning,* 955 F.2d 770, 774–75 & n. 5 (1st Cir.1992). Isabel argues that his statements did not obstruct the government's investigation or prosecution, and that thus the district court erred in enhancing the base offense level used in calculating his sentence.

■■■■ In rejecting the section 2255 motion, the district court found that Isabel's argument had no "legal merit" because the sentencing court was required to apply the law in effect at the time of sentencing. The court also stated that its findings at the time of sentencing meant that it would necessarily have enhanced Isabel's sen-

---

1. In his reply brief, Isabel makes several arguments that were not presented to the district court and which we, therefore, do not consider. *See United States v. Valencia–Copete,* 792 F.2d 4, 5 (1st Cir.1986); *Porcaro v. United States,* 784 F.2d 38, 39 (1st Cir.), *cert. denied,* 479 U.S. 916, 107 S.Ct. 320, 93 L.Ed.2d 293 (1986). In particular, Isabel alleges in his reply brief that his counsel failed to represent him effectively in his direct appeal, but his section 2255 motion alleged only that his counsel had been ineffective at sentencing.

2. Isabel was sentenced in July, 1990, and the new commentary amendment became effective on November 1, 1990. We reject the government's claim, mysteriously presented under a heading relating to "relitigat[ion] [of] an issue already decided," that Isabel waived this argument by not raising it in his direct appeal. Since the amendment did not become effective until after Isabel had been sentenced and after his direct appeal had been docketed and briefed, he could not readily have raised that issue on appeal.

tence even under the amended commentary. We think that the district judge's original decision to enhance was entirely understandable in light of the general language of the 1989 guideline and commentary. But we conclude for the reasons stated below that the new and explicit commentary language favoring Isabel, contained in the subsequent amendment, is properly treated as a clarification rather than a substantive change. The pertinent language, as we noted at the outset, makes the guideline inapplicable to an unsworn lie to law enforcement officials that does not in fact hinder an investigation. Giving Isabel the benefit of that clarification, we do not believe that the district court's findings to date, either at sentencing or in the section 2255 proceeding, show that the enhancement was warranted.

It is true that a sentencing court applies the law in effect at the date of sentencing. Nevertheless, in interpreting an applicable guideline virtually all circuits have found or stated that it is appropriate to consider post-sentencing amendments that clarify but do not substantively change the guideline. Among numerous cases to this effect are *United States v. Perdomo*, 927 F.2d 111, 116–17 (2d Cir.1991), *United States v. Howard*, 923 F.2d 1500, 1504 & n. 4 (11th Cir.1991), and *United States v. Caballero*, 936 F.2d 1292, 1299 n. 8 (D.C.Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 943, 117 L.Ed.2d 113 (1992), but many more could be cited. We readily follow this uniform approach and turn to the guideline and amendment at issue in this case.

It is a close question whether the commentary amendment here in issue should be treated as a "clarification" or instead as a substantive "revision" of the guideline. These are not clear-cut categories. Where

the line is to be drawn may well reflect not only language and intent but also implicit judgments as to the Sentencing Commission's function and the role of guideline commentary. In this case, the language of the guideline itself, unqualified by any contrary commentary prior to the 1990 amendment, provides an enhancement for a defendant who "attempted to impede or obstruct" an investigation. This language surely permits—even encourages—one to think that a deliberate material lie, although unsuccessful, might qualify as attempted obstruction. Indeed, a number of circuits so held prior to the 1990 amendment. *See e.g., United States v. Blackman*, 904 F.2d 1250, 1259 (8th Cir.1990); *United States v. Irabor*, 894 F.2d 554, 556 (2d Cir.1990).

Nevertheless, the Sentencing Commission regards its amended commentary on the obstruction issue as a clarification, for the Commission stated that "[t]his amendment clarifies the operation of § 3C1.1...." U.S.S.G.App. C at 166 (1992). The amended commentary does not in any sense read the term "attempted" out of the guideline, nor prevent all attempted but unsuccessful obstructions from triggering an enhancement. Rather, it modulates the guideline by excluding some actions that could literally be described as attempts (and indeed some actions that could literally be described as obstructions), presumably on the ground that they are not significant enough to warrant enhancement.[3] We give due weight to the Commission's view not merely as the drafter of the guideline and the amendment but as the expert entity with on-going responsibility for clarifying and amending the guidelines.[4]

---

**3.** For example, a threat to a witness qualifies for an enhancement even if unsuccessful whereas "fleeing from arrest" does not even if the flight is (temporarily) successful. *See* application notes 3(a), 4(d). Excluded conduct, such as an unsworn unsuccessful lie or successful flight, can still affect the choice of sentence "within the otherwise applicable guideline range." Application note 4.

**4.** The Sentencing Commission has authority to recommend that a reduction in the guideline

range be made retroactive (see 28 U.S.C. §§ 994(*o*), (u); 18 U.S.C. § 3582(c)(2)), but we do not rely on that point here. The Sentencing Commission did not invoke that authority (compare U.S.S.G. § 1B1.10 listing specific amendments to be applied retroactively) and, in any case, its authority extends only to permitting, not compelling, the district court to give retroactive effect to an admitted substantive change. 18 U.S.C. § 3582(c)(2).

One sister circuit has already held that the 1990 amendment to the section 3C1.1 commentary, insofar as it dealt with an attempt to obstruct, was a clarifying amendment and should be applied to a defendant who was sentenced before the amendment. *United States v. Fiala*, 929 F.2d 285, 290 (7th Cir.1991). This court, without directly ruling on the present issue (a post-amendment sentence was involved), has described that language as "clarify[ing]" the guideline. *United States v. Moreno*, 947 F.2d 7, 10 (1st Cir.1991). Finally, although sentencing policy is a matter primarily for Congress and the Commission, the amendment offers a realistic and lenient solution for the defendant who blurts out false answers at the time of arrest but does not in fact hinder the inquiry. Thus, we follow *Fiala* and hold that the amendment applies in this case.

In its section 2255 decision, the district court concluded that Isabel's conduct would constitute an obstruction of justice even under the amended commentary, but the court's explanation seems to us to be flawed. The district court's memorandum on this point briefly referred to the government's statement at sentencing, citing to specific pages of the transcript. These pages, however, show that the prosecutor at sentencing took the view that "the success or lack of success of Mr. Isabel's lies" should not be the test, an understandable position in light of then existing guideline language and commentary. Nor does anything in the evidence described in the prosecutor's statement show an actual obstructive effect. The facts available to us, admittedly not complete, suggest that Isabel's lies may well not have hindered the investigation.

Under these circumstances, we think the issue of enhancement for obstruction of justice needs to be remanded to the district court for a new determination under the clarified guideline. If the government can show that Isabel's statements significantly obstructed the inquiry, the enhancement will stand; otherwise, resentencing will be required based on a reduced offense level. On remand, assuming the government believes that it can make the obstruction showing that *Manning* requires, the procedural course to follow is a matter for the district court to decide in the first instance.

## II. ACCEPTANCE OF RESPONSIBILITY

In his second claim of error, Isabel argues that the district court should have reduced his base offense level by two points for acceptance of responsibility under section 3E1.1 of the guidelines. As already noted, at his original sentencing Isabel was found to have obstructed justice. He claims that under guideline commentary in effect then and now, the determination of obstruction precluded the court from granting him any reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, application note 4 (1989) (obstruction finding precludes acceptance finding except in "extraordinary" case); *id.* (1992) (same). Because the district court reaffirmed the obstruction finding in deciding the present section 2255 motion, the court had no occasion to revisit the question whether, absent the obstruction finding, a reduction might be warranted for acceptance of responsibility.

The government claims that Isabel waived this acceptance of responsibility claim by not raising it on direct appeal and that, in order to raise the issue now, he must show cause and prejudice under the *Frady* standard. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). In the draft pre-sentence report, the probation officer apparently recommended against an adjustment for acceptance of responsibility. Isabel's counsel sought an adjustment of the wording in the report on the acceptance issue, but he did not challenge the denial outright. The probation officer then revised the report language but continued to recommend a denial of any adjustment on the ground that Isabel had admitted to tax evasion but denied involvement in money laundering, thereby failing to accept full responsibility for "his criminal conduct" under U.S.S.G. § 3E1.1(a) (1989). At sentencing, Isabel's counsel did not pursue the matter.

This sequence suggests that defense counsel had concluded that the acceptance of responsibility claim could not succeed "on the merits," independent of any bar presented by an obstruction finding. As we explain below, the failure to raise the issue was certainly not ineffective assistance of counsel. Assuming that counsel had deliberately abandoned the claim because he thought it hopeless on the merits, this would ordinarily constitute a waiver, and prevent its resurrection in a section 2255 proceeding. *Clauson v. Smith*, 823 F.2d 660, 666 (1st Cir.1987).

What gives us pause is the district court's suggestion, in ruling on the section 2255 motion, that Isabel's counsel may not have pursued the acceptance issue precisely because counsel believed—in the district court's words—that "having lost the battle over the issue of obstruction of justice, he [counsel] could not possibly win the war with respect to acceptance of responsibility." If counsel did not pursue the acceptance issue *because* the obstruction finding made him believe that pursuit to be hopeless, then we think that sufficient "cause" would exist for not raising the issue at sentencing. *Cf. United States v. Di Bernardo*, 880 F.2d 1216, 1227 (11th Cir.1989). There is arguably prejudice as well since, if he succeeded on both the obstruction and enhancement issues, Isabel's sentencing range would be reduced.

Under these circumstances, we believe that the just and proper course is a contingent remand on the acceptance of responsibility issue. If the district court finds that obstruction is established even under the clarified guideline, that will dispose of any ground for reexamining the acceptance of responsibility issue. Should the court instead find that obstruction is not proved, then we believe the district court should determine whether the acceptance of responsibility claim was waived and, if it was not, then it should determine that claim on the merits. The probation officer may have been entirely correct in urging, without reference to the obstruction issue, a

denial of any adjustment for acceptance of responsibility.[5] But we prefer this evaluation to be made by a court familiar with the trial record and the defendant, especially given the "great deference" accorded to the trial judge in appraising acceptance of responsibility. U.S.S.G. § 3E1.1, application note 5 (1989 and 1992).

## III. THE INEFFECTIVE ASSISTANCE CLAIM

 Isabel's third argument on appeal is a challenge to the district court's determination that he had received effective assistance of counsel at sentencing. Such a determination by the fact-finder may be overturned only for clear error. *McCarthy v. United States*, 764 F.2d 28, 30 (1st Cir. 1985). The burden is on Isabel to show that counsel failed to render effective assistance. *See Panzardi–Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir.1989) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)), *cert. denied*, 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990). We have reviewed the record carefully, and have not found any clear error in the district court's determination.

Counsel's arguments on the obstruction of justice issue at sentencing were vigorous, as his defense of the entire case appears to have been. He obtained the dismissal of three counts of the indictment after opening statements were made, and the jury acquitted Isabel of other counts. Counsel also filed several motions challenging the jury's verdict. Although the court ultimately denied those motions, it noted that "[t]he instant cases were well tried and hard fought." Furthermore, after hearing counsel's argument on the obstruction of justice issue at sentencing, the court enhanced Isabel's offense level for obstruction of justice but acknowledged that it had been a "close question." In a post-sentence memorandum, the court said that Isa-

---

**5.** It goes almost without saying that, if the court agrees with the probation officer on the merits, then the waiver issue need not be resolved.

bel's counsel had argued "ably and earnestly" for a downward departure.

In this court, Isabel points to his counsel's failure to object at sentencing to a "possible erroneous enhancement" of three points under section 2S1.1(b)(2) of the guidelines or argue for a "possible reduction" of two to four points under section 3B1.2. The evidence submitted at trial showed that Isabel knew that the funds he laundered came from unlawful dealing in narcotics. *United States v. Isabel*, 945 F.2d at 1196, 1202. Consequently, we do not see how counsel could reasonably have argued that Isabel should not have received a three-point increase under section 2S1.1(b)(1) (the subsection to which Isabel apparently means to refer), which requires the increase where the defendant knows the laundered funds were the proceeds of narcotics trafficking. U.S.S.G. § 2S1.1(b)(1) (1989 and 1992).

Likewise, it would have made no sense for counsel to argue that Isabel was a minor or minimal participant in the conspiracy to launder drug money and file false tax returns, meriting a base offense level reduction under section 3B1.2. Isabel was a direct and essential party to that conspiracy. The recitation of evidence in our prior decision amply bears out that point, 945 F.2d at 1195–96, and we need not repeat the facts. It is beside the point that Isabel played no role in the narcotics trafficking. The "offense" for which he was sentenced concerned only the laundering and tax reporting scheme, and in that scheme his "role" was that of a central player. U.S.S.G. § 3B1.2 (1989 and 1992). *See United States v. Richardson*, 925 F.2d 112, 115 (5th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 2868, 115 L.Ed.2d 1034 (1991).

Finally, although counsel did not argue for an acceptance of responsibility reduction, any such argument had little chance of succeeding. As the district court noted, Isabel was found to have obstructed justice. For that reason, a reduction for acceptance of responsibility was highly unlikely. *See* U.S.S.G. § 3E1.1, application note 4 ("[c]onduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates

that the defendant has not accepted responsibility for his criminal conduct" and adjustments under both sections should be made only in "extraordinary cases"); *United States v. Aymelek*, 926 F.2d 64, 69 (1st Cir.1991) (the defendant who obstructs justice "will thereby effectively forfeit a credit for acceptance of responsibility" under the guidelines); *United States v. Mata-Grullon*, 887 F.2d 23, 24 (1st Cir.1989) (defendant's falsehoods "militate against" a reduction for acceptance of responsibility).

Isabel suggests that an adjustment in his case was nevertheless warranted under U.S.S.G. § 3E1.1, application note 2 (1992). That note says that a defendant who goes to trial instead of pleading guilty is ordinarily not accepting responsibility but, as a supposedly "rare" exception, the note cites the case of a defendant who goes to trial to challenge the legal applicability of a statute to his conduct. Isabel asserts that he did admit to his actual conduct and denied only that it constituted money laundering under the relevant statute. If so, this circumstance might avoid the effect of the not-guilty plea as a bar to the reduction, but it does nothing to remove the bar interposed by the obstruction finding. Isabel's counsel could reasonably have concluded that so long as the obstruction finding stood, the court would refuse any reduction for acceptance of responsibility.

As the district court said, with such little likelihood of success in challenging the computations, counsel reasonably could have decided that it made more sense to seek a downward departure, as he did. Isabel concedes that counsel argued "eloquently" for the downward departure. We affirm the district court's finding that Isabel received effective assistance of counsel at sentencing. *See Barrett v. United States*, 965 F.2d 1184, 1193 & n. 18 (1st Cir.1992) ("[W]e may not find a deficient professional performance in the constitutional sense unless the challenged decisions were not 'plausible options.'") (citation omitted). Nor did the court err in failing to hold an evidentiary hearing on this issue, for Isabel has pointed to no material fact that has remained unresolved by the rec-

ord. *See Ouellette v. United States,* 862 F.2d 371, 377–78 (1st Cir.1988).

### IV. RULE 32(c)(3)(D)

Finally, Isabel contends that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by omitting to make findings on unresolved controverted issues posed by the pre-sentence report. We will assume *arguendo* that this issue may be considered. *See United States v. Gattas,* 862 F.2d 1432, 1433, 1434 & n. 4 (10th Cir.1988) (Section 2255 relief is available for Rule 32(c)(3)(D) violations where the failure to comply with the rule was not discovered until after the time for direct appeal and for a Rule 35 motion had expired). However, at the sentencing hearing the district court did resolve the only open factual issue presented to it, relating to the obstruction of justice issue. The court also recorded its finding on this issue in a memorandum issued after the sentencing hearing.

Rule 32(c)(3)(D) provides that the district court's resolution of disputed issues at sentencing shall be appended to the pre-sentence report made available to the Bureau. In his reply filed in this court, responding to the government's motion for summary affirmance, Isabel says (possibly for the first time) that the Bureau of Prisons has advised him that this memorandum of sentencing hearing is not in its records. The district court's disposition of the obstruction issue on remand will presumably supersede its earlier finding, whether the court reaches its original conclusion or the opposite one. We assume that in due course the district court will transmit the record of its disposition to the Bureau of Prisons.

The district court's order denying Isabel's section 2255 motion is *affirmed in part and remanded in part for further proceedings in accordance with this opinion.*