USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1357 SAMUEL J. CONCEMI, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Samuel J. Concemi on brief pro se. _________________ A. John Pappalardo, United States Attorney, Deborah M. Smith, ___________________ __________________ Director, New England Bank Fraud Task Force, and Paul J. Andrews, U.S. _______________ Department of Justice, on brief for appellee. ____________________ January 10, 1994 ____________________ Per Curiam. The district court's denial of ___________ appellant Samuel Concemi's motion to vacate sentence under 28 U.S.C. 2255 is affirmed substantially for the reasons stated in the district court's December 11, 1992 memorandum and order. Ten of the claims advanced by Concemi in his 2255 petition were dismissed by the district court on the ground that they "were either directly addressed by the Court of Appeals [in Concemi's direct appeal from his conviction, United States v. Concemi, 957 F.2d 942 (1st Cir. 1992)] or ______________ _______ were matters considered to be within the discretion of the trial court." We note that four of these ten claims were not expressly dealt with by this court in Concemi. These four _______ claims, nevertheless, were properly subject to dismissal on other grounds. These four, related claims were as follows: (1) that the sentencing judge erred by denying without a hearing Concemi's motion that the court determine relative degrees of culpability of all the defendants convicted in various independent cases -- not just Concemi's case -- of similar fraud involving ComFed; (2) that the sentencing judge erred by failing to find Concemi a minimal or minor participant in the conspiracy; (3) that the disparity in sentence between Concemi and his two co-defendants violated the sentencing guidelines; and (4) that the disparity in sentence between Concemi and all the defendants convicted in various independent cases of similar fraud involving ComFed violated the sentencing guidelines. The first two of these claims are not specifically pressed in Concemi's brief on appeal and are accordingly waived. United States v. Michaud, 925 F.2d 37, 43 n.8 (1st _____________ _______ Cir. 1991). In any event, as the government points out, this court in Concemi, after reviewing the evidence presented at _______ trial, stated that "the mutual cooperation of Concemi" and his two co-defendants "was essential in order to execute the scheme to use secondary mortgages and conceal them from ComFed." Id. at 950. Given Concemi's "essential" role, it __ was certainly not clear error for the district court to conclude that Concemi had played more than a minimal or minor role in the offense. Concemi argued in his 2255 petition that his role was nevertheless minimal or minor relative to the larger, overall series of frauds involving ComFed, most of which were not at issue in Concemi's trial. We have already held, however, in another case involving fraud against ComFed, that a defendant's role in the offense under the sentencing guidelines must be determined with regard to the particular offenses for which the defendant is charged and sentenced, whatever may be the defendant's relative role in some "wider web of fraud" that extends well beyond the offense of -3- conviction. United States v. Gregorio, 956 F.2d 341, 344 ______________ ________ (1st Cir. 1992). Given these considerations, the sentencing judge certainly did not abuse his discretion in declining to hold an evidentiary hearing on these matters. Concemi's objection to the alleged disparity between his sentence and others' sentences is meritless. A sentence that is valid on its own terms under the sentencing guidelines remains valid without regard to sentences imposed on other defendants in the case, or in other cases, that are alleged to be inconsistent. United States v. Figueroa, 976 _____________ ________ F.2d 1446, 1460 (1st Cir. 1992) (quoting United States v. ______________ Wogan, 938 F.2d 1446, 1448 (1st Cir.), cert. denied, 112 S. _____ ____________ Ct. 441 (1991)) ("Even a 'perceived need to equalize sentencing outcomes for similarly situated codefendants, without more, will not permit a departure from a properly calculated guideline sentencing range'"), cert. denied, 113 ____________ S. Ct. 1346 (1993); United States v. Panet-Collazo, 960 F.2d _____________ _____________ 256, 261 (1st Cir.) (notwithstanding defendant's claim of a vindictive disparity in sentencing vis-a-vis his co- defendant, "we have no appellate jurisdiction to review a sentence within the applicable sentencing guidelines range if that range was correctly determined"), cert. denied, 113 S. _____________ Ct. 220 (1992). This court, furthermore, already has upheld, -4- against other challenges, the guideline sentence imposed on Concemi. Concemi, supra, 957 F.2d at 952-53. _______ _____ In his brief on appeal, Concemi also objects to the sentencing judge's upward adjustment for obstruction of justice. Concemi's 2255 petition, however, did not raise this point. We will not consider it in the first instance on appeal. Isabel v. United States, 980 F.2d 60, 61 n.1 (1st ______ _____________ Cir. 1992). Concemi does not, in his brief on appeal, object to the district court's denial of his two motions to amend judgment. The second motion to amend judgment, however, raised a new claim for relief under 2255 that was not contained in Concemi's original 2255 motion. Concemi alleged that the indictment against him was multiplicitous in that it charged him with seventeen counts of bank fraud and seventeen counts of making false statements to a federally insured bank. According to Concemi, all of the seventeen separate acts were merely part of one grand scheme to defraud, so Concemi properly should have been indicted only on one count of bank fraud and one count of making false statements. Concemi does argue in his brief that the district court erred in dismissing this additional claim. Concemi's position lacks any merit. First, Concemi's second motion to amend judgment was not properly before the district court because it was untimely, having -5- been filed on January 23, 1993, more than ten days after the district court's December 14, 1992 judgment. See Fed. R. ___ Civ. P. 59(e) (a motion to alter or amend judgment must be served within ten days after entry of judgment). We agree with the government that, Concemi's original 2255 motion having already been rejected, Concemi should properly have brought any additional 2255 claims in a successive 2255 motion, rather than "under the guise of a late-filed motion to amend judgment." Even were we to disregard these objections -- as well as Concemi's failure to raise this claim on direct appeal -- we see no merit to the claim in any event. Concemi relies on United States v. Lilly, 983 F.2d 300 (1st Cir. ______________ _____ 1992), in which we found multiplicitous an indictment which charged the defendant with over twenty counts of bank fraud, even though the over twenty separate acts of fraud alleged were all directed to defrauding a single bank in connection with a single loan. We concluded that the facts of that case were "more comfortably categorized as a single execution of a scheme rather than as twenty-some-odd separate executions of a scheme." Id. at 303. In the instant case, by contrast, __ Concemi was charged with defrauding ComFed in connection with seventeen separate loans. In that context, framing the indictment in terms of seventeen separate acts of fraud was entirely logical and not multiplicitous. -6- The district court's denial of Concemi's motion to vacate sentence under 28 U.S.C. 2255 is affirmed. ________ -7-