21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Javier CORNEJO, Plaintiff, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1830
 United States Court of Appeals, First Circuit
 April 19, 1994.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Javier Cornejo on brief pro se.
 D. Puerto Rico
 AFFIRMED
 Before Breyer, Chief Judge, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Javier Cornejo appeals pro se a district court order summarily dismissing his motion under 28 U.S.C. Sec. 2255 to vacate, set aside or correct his sentence. He alleges that the district court erred in failing to consider his minimal role in the offense, entitling him to a reduction in his offense level under section 3B1.2 of the Sentencing Guidelines. He also alleges that his attorney's failure to request such a reduction constituted ineffective assistance of counsel. We affirm.
 
 
 2
 Cornejo and three co-defendants, Jose Ricardo Noche, Juan Fernandez and Johnny Camacho, were indicted on a single count of aiding and abetting each other in the unlawful possession with intent to distribute of approximately 2,000 pounds of marihuana. According to Cornejo's Presentence Report (PSR), the four were apprehended while on board a motor boat which was intercepted by the United States Coast Guard. At the time, the co-defendants indicated that the boat was not working and that it contained marihuana. They requested removal from the boat because it was taking in water. Members of the Coast Guard searched the boat and discovered the marihuana.
 
 
 3
 All four co-defendants pled guilty to the one count of the indictment. They were all represented by counsel at their sentencing hearing. At the hearing, only defendant Noche requested a base offense level reduction for his role in the offense as a minimal participant under section 3B1.2. Noche argued that he was merely hired to offload the drugs, for which he was promised payment of three thousand dollars. He claimed that he had no knowledge of the structure of the operation and had not been involved in its planning. Noche testified, in response to questions by the court, that there was a captain of the ship (named "Tiburon") who left the ship, by rowboat, to get an engine part repaired and never returned.
 
 
 4
 The district court denied Noche's request for a base offense level reduction under section 3B1.2. It referred to the following commentary to that section:
 
 
 5
 It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment.
 
 
 6
 U.S.S.G. Sec. 3B1.2, application note 2 (1992). The court found that "[t]here is no evidence indicating that this operation was part of a larger smuggling scheme. In fact, the sole charge in the indictment is possession with intent to distribute approximately two thousand pounds of marihuana on this particular vessel." Noting that Noche had pled guilty to this count, the court concluded that "under these circumstances, he must be considered instead an active and essential participant in this drug operation."
 
 
 7
 Cornejo's PSR included a description by Cornejo of his role in the offense that was strikingly similar to Noche's role, as described at the sentencing hearing. The captain, known as "Tiburon," offered Cornejo $3,000 to work as a crewman on the ship. Cornejo became aware that the ship's cargo was to be marihuana. The captain left the ship when it became disabled, prior to the arrest of Cornejo and his co-defendants.
 
 
 8
 The district court accepted the probation officer's recommendation of a base offense level of 30, to be reduced by two levels for Cornejo's acceptance of responsibility. The total offense level of 28 and Cornejo's criminal history category of I yielded a guideline imprisonment range of 78 to 97 months. The district court sentenced Cornejo, as well as co-defendants Noche and Camacho (to whom the same guideline imprisonment range applied), to 78 months of imprisonment. He explained his imposition of sentences at the low end of the guideline range as follows:
 
 
 9
 The Court is of the opinion that based on these defendants' role in the instant offense a sentence at the lower end of the applicable guideline range is sufficient to meet the objectives of punishment and deterrence.
 
 
 10
 We agree with the district court's implicit conclusion, in its summary dismissal of Cornejo's section 2255 petition, that Cornejo's claims are entirely without merit. For the reasons articulated by the sentencing court in denying Noche's request for a reduction under section 3B1.2, Cornejo was also not entitled to a such a reduction. The description of Cornejo's role in the offense contained in his PSR was practically identical to Noche's role, as described at the sentencing hearing. In explicitly rejecting Noche's contention that his role in the offense entitled him to a reduction in his offense level as a minimal or minor participant, the district court implicitly found that Cornejo and the other defendants who had identical roles in the offense were not entitled to such a reduction. "Because 'role in the offense' determinations are fact-bound, the standard of review is clear error." United States v. Ruiz-Del Valle, 8 F.3d 98, 104 (1st. Cir. 1993). The district court's failure to reduce Cornejo's offense level under section 3B1.2 was not clearly erroneous.
 
 
 11
 Therefore, Cornejo's attorney's performance in failing to request a base offense level reduction under section 3B1.2 was not deficient. "A petitioner bears a very heavy burden on an ineffective assistance claim. The habeas court must 'indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;....' " Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). In view of the sentencing court's denial of Noche's request for a base offense level reduction under section 3B1.2, Cornejo has failed to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland v. Washington, 466 U.S. 668, 689 (1984). See Isabel v. United States, 980 F.2d 60, 65 (1st Cir. 1992) (rejecting ineffective assistance of counsel claim and noting that "it would have made no sense for counsel to argue that [petitioner] was a minor or minimal participant.... It is beside the point that Isabel played no role in the narcotics trafficking. The 'offense' for which he was sentenced concerned only the laundering and tax reporting scheme, and in that scheme his 'role' was that of a central player."). The district court's determination that Cornejo received effective assistance of counsel was not clearly erroneous.
 
 
 12
 Accordingly, the district court's dismissal of Cornejo's section 2255 petition is affirmed.