USCA1 Opinion

 

 June 20, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2235 UNITED STATES, Appellee, v. LOUIS S. SIMON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ Stahl, Circuit Judge. _____________ ____________________ Louis S. Simon on brief pro se. ______________ Edwin J. Gale, United States Attorney, and Margaret E. Curran, _____________ ___________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. In this 28 U.S.C. 2255 petition, Louis ___________ Simon advances two challenges to the calculation of his sentence under the Sentencing Guidelines. Specifically, he alleges that a two-level enhancement under 2C1.1(b)(1) (for committing an offense involving "more than one bribe or extortion") and a three-level enhancement under 3B1.1(b) (for being a "manager or leader" of criminal activity that "involved five or more participants or was otherwise extensive") were each imposed in violation of the Ex Post Facto Clause. Assuming arguendo that petitioner is not ________ precluded from raising these issues in light of his waiver of the right to appeal in his plea agreement, we find each contention without merit. The latter argument is expressly foreclosed by this court's decision in United States v. Ruiz-Batista, 956 F.2d _____________ ____________ 351 (1st Cir.), cert. denied, 113 S. Ct. 105 (1992). We ____________ there held that, because the pre-1990 Introductory Commentary to Chapter 3, Part B could be deemed ambiguous, Amendment 345 served to clarify this passage and so could properly be applied to offenses occurring prior to November 1990. See, ___ e.g., Isabel v. United States, 980 F.2d 60, 62 (1st Cir. ____ ______ _____________ 1992) ("clarifications" of Guidelines may be applied retroactively; "substantive changes" may not). The former argument is likewise unavailing. Contrary to petitioner's premise, the district court was entitled under the 1989 Guidelines to consider "relevant conduct" under 1B1.3 for purposes of determining whether "more than one bribe or extortion" had occurred.1 At all relevant times, 1B1.3(a) provided that, unless otherwise specified, specific offense characteristics (of which the two-level enhancement here is one) were to be determined on the basis of the following: solely with respect to offenses of a character for which 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction. 1B1.3(a)(2). The district court determined that petitioner's other extortionate episodes satisfied these criteria; petitioner has not disputed this finding. As of 1989,2 extortion (a 2C1.1 offense) was included in the list of offenses subject to grouping. And Application Note 2 to 1B1.3, as it existed in 1989, specifically stated that subsection (a)(2) "applies to offenses of types for which convictions on multiple counts would be grouped together pursuant to 3D1.2(d); multiple convictions are not ________________________________ required." (Emphasis added). The 1990 and 1991 amendments _________ ____________________ 1. Although the words "or extortion" were added to 2C1.1(b)(1) only after petitioner's extortionate conduct had been committed, see U.S.S.G., App. C, Amend. 367 (1991), he ___ has raised no argument that this provision is inapplicable. We therefore do not address the issue, other than to note that one court has applied Amendment 367 retroactively. See ___ United States v. Loftus, 992 F.2d 793, 799 (8th Cir. 1993). _____________ ______ 2. See U.S.S.G., App. C., Amend. 121 (1989). ___ -3- to Note 2, upon which petitioner apparently relies, served only to reinforce this interpretation. See U.S.S.G., App. ___ C., Amends. 309 & 389. For these reasons, the district court's consideration of relevant conduct for purposes of applying the 2C1.1(b)(1) enhancement entailed no violation of the Ex Post Facto Clause. Affirmed. _________ -4-