**UNITED STATES of America**

v.

**Geraldo MORILLO, Manuel Morillo, and Ramon Montes Deoca.**

**No. Crim. 97–10248–WGY.**

United States District Court, D. Massachusetts.

May 16, 2001.

Patrick M. Hamilton, U.S. Attorney's Office, Boston, MA, for Plaintiff.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

Ramon Montes Deoca ("Ramon"), Geraldo Morillo ("Geraldo"), and Manuel Morillo ("Manuel") move to modify their sentences pursuant to 18 U.S.C. § 3582(c)(2) based on a recent amendment to the United States Sentencing Guideline ("U.S.S.G." or "Sentencing Guidelines") section 2D1.2, which creates a sentence enhancement for drug offenses that occur near a protected location or involve an underage or pregnant individual.

### I. Background

On September 24, 1997, Ramon, Geraldo, and Manuel were indicted for violating various federal drug laws. A superseding indictment followed on November 19, 1997. The superseding indictment charged Ramon and Geraldo with one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846 (Count 1) and five counts of possession with intent to distribute and the distribution of heroin in furtherance of the conspiracy in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2–6). The superseding indictment charged Manuel with

one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846 (Count 1), four counts of possession with intent to distribute and the distribution of heroin in furtherance of the conspiracy in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2, 4–6), and four counts of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 7–10). A notice of the applicability of 21 U.S.C. § 860[1] was appended to Counts two, three, five, seven, and eight because they occurred within one thousand feet of a protected school.

All three defendants entered into plea agreements with the Government. This Court accepted the defendants' guilty pleas pursuant to their plea agreements on April 1 and April 2, 1998. Ramon and Geraldo pled guilty to one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846 (Count 1) and five counts of possession with intent to distribute and distribution of heroin in furtherance of the conspiracy in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2–6). Manuel pled guilty to one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846 (Count 1), three counts

of possession with intent to distribute and distribution of heroin in furtherance of the conspiracy in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2, 4, 5), and four counts of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 7–10).[2] This Court sentenced the defendants accordingly under the Sentencing Guidelines, applying the sentence enhancement contained in section 2D1.2 based on the finding of or stipulation to a drug offense within one thousand feet of a protected school. The Court now considers the appropriateness of this enhancement in light of that section's recent amendment.

## II. Analysis

### A. *Amendment 591*

Section 3582 of Title 18 of the United States Code sets forth limited circumstances under which a court may modify a term of imprisonment once it has been imposed. It provides in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . . . .

---

1. 21 U.S.C. § 860 provides, in relevant part, that:

 Any person who violates section 841(a)(1) . . . of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground . . . is . . . subject to (1) twice the maximum punishment authorized by section 841(b) of this title, and . . . [e]xcept to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year.
 *Id.* § 860(a).

2. Ramon and Geraldo neither actually pled guilty to nor were convicted of violating 21 U.S.C. § 860 because the Court treated that section as describing a sentencing enhancement for a violation of 21 U.S.C. § 841(a) rather than as setting forth a separate substantive offense. *Compare United States v. Zorrilla*, 93 F.3d 7, 8 (1st Cir.1996) ("[S]ection 860(a) is a sentence-enhancer, pure and simple."), *with United States v. Gonzalez–Rodriguez*, 239 F.3d 948, 952–53 (8th Cir.2001) (holding that and collecting cases holding that section 860 states a substantive offense). Treating section 860 as a sentence enhancement is now highly suspect in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o* ), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). 28 U.S.C. § 994(*o* ) provides, in turn, that "[t]he Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section," *id.* Pursuant to section 994(*o* ), the Commission periodically amends the Sentencing Guidelines. The most recent set of amendments became effective on November 1, 2000 and is set forth in the Supplement to Appendix C of the United States Sentencing Commission Guidelines Manual. Ramon, Geraldo, and Manuel seek to benefit from Amendment 591, which is included among the Commission's most recent amendments.

Amendment 591 amends, among other sections, U.S.S.G. § 2D1.2, the section that creates a sentencing enhancement for drug offenses occurring near protected locations, including schools, or involving underage or pregnant individuals. Prior to Amendment 591, it was ambiguous whether the section 2D1.2 enhancement "appl[ied] only in a case in which the defendant was *convicted* of an offense referenced to that guideline or, alternatively, in any case in which the defendant's *relevant*

*conduct included* drug sales in a protected location or involving a protected individual." U.S.S.G. Manual app. C, amdt. 591, at 31 (Supp.2000) (emphasis added). Amendment 591 resolved this ambiguity. As amended, the commentary to section 2D1.2 provides that:

> This guideline applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual (including an attempt or conspiracy to commit such a violation) or in a case in which the defendant stipulated to such a statutory violation.

U.S.S.G. § 2D1.2 cmt. 1. By its terms, Amendment 591 limits application of the enhancement to those cases in which the defendant was actually convicted of or stipulated to violating a statutory section referenced in section 2D1.2. U.S.S.G. Manual app. C, amdt. 591, at 31–32 (Supp.2000).

▆ Because Ramon, Geraldo, and Manuel were sentenced well before Amendment 591 became effective on November 1, 2000, the Court must first consider whether it can apply Amendment 591 retroactively to the defendants. The Supreme Court has stated:

> In addition to the [Commission's] *duty* to review and revise the Guidelines, Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u).[3] This power has been implemented in U.S.S.G. § 1B1.10, which sets forth the amendments that justify sentence reduction.

3. 28 U.S.C. § 994(u) provides that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of of-

fenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced," *id.*

*Braxton v. United States,* 500 U.S. 344, 348, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991) (deferring to the Commission on legal interpretation of the Sentencing Guidelines); *see also United States v. Jordan,* 162 F.3d 1, 3 (1st Cir.1998); *United States v. Lopez–Pineda,* 55 F.3d 693, 697 n. 3 (1st Cir.1995); *Desouza v. United States,* 995 F.2d 323, 324 & n. 1 (1st Cir.1993) (per curiam). Thus, the Court turns to U.S.S.G. § 1B1.10(c), which catalogs the amendments that the Court may apply retroactively. Section 1B1.10(c) lists Amendment 591 among the amendments that the Court may apply retroactively pursuant to section 3582(c)(2). U.S.S.G. §§ 1B1.10(a), (c).

 Moreover, even under the First Circuit's approach, which allows courts to apply amendments to the Sentencing Guidelines retroactively if they *clarify* a Sentencing Guideline but not if they *substantively change* a Sentencing Guideline, *United States v. Sanchez,* 81 F.3d 9, 12 (1st Cir.1996); *Isabel v. United States,* 980 F.2d 60, 62 (1st Cir.1992); *United States v. Havener,* 905 F.2d 3, 4–8 (1st Cir.1990), Amendment 591 should be retroactive. Amendment 591 was promulgated to resolve the circuit conflict that arose surrounding the proper application of the enhancement in U.S.S.G. § 2D1.2. U.S.S.G. Manual app. C, amdt. 591, at 31 (Supp. 2000). Accordingly, the Commission itself explicitly described Amendment 591 as a "clarification," *id.* at 32. This Court defers to the Commission's characterization of its amendments. *See David v. United States,* 134 F.3d 470, 476 (1st Cir.1998) (holding that Commission's characterization of amendment as clarifying is "game, set, and match"); *Isabel,* 980 F.2d at 62 ("We give due weight to the Commission's view not merely as the drafter of the guideline and the amendment but as the expert entity with on-going responsibility for clarifying and amending the guidelines."). *Contra*

*United States v. Diaz,* 245 F.3d 294, 303 (3d Cir.2001) (stating that Amendment 591 effects a substantive change to the Sentencing Guidelines, despite the Commission's contrary characterization). Therefore, the Court may apply Amendment 591 retroactively.

### B. *Application of Amendment 591 to the Defendants*

 The Government argues that even the *amended* U.S.S.G. § 2D1.2 subjects Ramon, Geraldo, and Manuel to its enhancement because each defendant entered into a plea agreement to plead guilty to possession with intent to distribute and distribution of heroin within a school zone in violation of 21 U.S.C. § 860, which is specifically referenced in U.S.S.G. § 2D1.2. In so arguing, the Government relies on the literal text of each of the defendant's motions, which states that "[t]he defendant was charged and entered into a plea agreement for multiple counts of violating 21 U.S.C. Sections 841, 846, *and 860,*" Manuel's Mot. ¶ 1 (emphasis added); *accord* Geraldo's Mot. ¶ 1; Ramon's Mot. ¶ 1. Gov't's Opp'n ¶ 4.

The Court agrees with the Government that if, in fact, the defendants entered into a plea agreement to plead guilty to a violation of section 860, then amended U.S.S.G. § 2D1.2 still subjects them to its sentence enhancement. Amendment 591 clarified that the enhancement of U.S.S.G. § 2D1.2 applies only when the defendant was convicted of or stipulated to an offense referenced in section 2D1.2. Section 860 is specifically referenced in section 2D1.2. Therefore, if Ramon, Geraldo, and Manuel entered into a plea agreement to plead guilty to violating section 860, then the enhancement in amended U.S.S.G. § 2D1.2 still applies to them because they would have stipulated to an offense referenced in section 2D1.2. *See* U.S.S.G. § 1B1.2 (recog-

nizing that plea agreements contain stipulations).

In determining whether the defendants *actually* entered into a plea agreement to plead guilty to section 860, however, the Court disagrees with the Government's approach. It is inappropriate to hold a pro se defendant so strictly to the literal language of his motion. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (holding that pro se litigants are entitled to liberal construction of their pleadings). Indeed, the Government affirmed this when it sought to corroborate Ramon's factual representation by actually examining his plea agreement, which he, unlike Manuel and Geraldo, attached to his motion. Gov't's Opp'n ¶ 5. The Government's inquiry ended there, however. The Government did not examine Manuel's and Geraldo's plea agreements. Instead, the Government relied on its memory of them, stating that "[t]o the best of the government's recollection, Ramon's plea agreement was, in all pertinent respects, identical to the plea agreements reached with his two co-defendants, Geraldo and Manuel Morillo." *Id.* ¶ 6.

The Court will not base its decision on the Government's mere recollection of, or a pro se defendant's characterization of, the specific terms of a plea agreement when the actual plea agreements are available. In this case, there is just no substitute for the real thing. *Cf.* Fed.R.Evid. 1001–08. Therefore, the Court turns to the actual terms of the plea agreements.

■ Amendment 591 assists neither Ramon nor Geraldo because they both en-

tered into plea agreements in which they not only agreed to plead guilty to possession with intent to distribute and distribution of heroin within a school zone in violation of 21 U.S.C. § 860, but also further stipulated to violating that section for purposes of an enhancement under section 2D1.2. Accordingly, even under the amended U.S.S.G. § 2D1.2, Ramon and Geraldo are subject to its enhancement because they stipulated to an offense referenced in section 2D1.2.

■ Manuel stands in stark contrast. The plain text of Manuel's plea agreement reveals that he neither agreed to plead guilty to nor stipulated to a violation of 21 U.S.C. § 860 or any other statutory provision referenced in amended section 2D1.2. Indeed, in his plea agreement, he explicitly reserved the right to dispute whether his drug violations were in violation of section 860. *See* Plea Hr'g Tr. at 15. Therefore, the enhancement of amended U.S.S.G. § 2D1.2 is inapplicable to Manuel.[4]

### C. *Resentencing the Defendants*

■ Ramon and Geraldo are not entitled to resentencing because they are subject to the enhancement of even the amended section 2D1.2. Because Manuel is not subject to an enhancement under the amended U.S.S.G. § 2D1.2, however, the Court may resentence him. In so doing, the Court, pursuant to section 3582(c)(2), must consider the factors provided in 18 U.S.C. 3553(a). Section 3553(a) sets out the factors that a court should take into account when imposing a sentence.[5] The Court is not free to resen-

---

4. Nor can the Government argue that amended section 2D1.2 applies to Manuel because he was convicted of section 860. *See supra* note 2.

5. Section 3553(a) sets forth the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

tence Manuel de novo, however. *Jordan*, 162 F.3d at 4. Section 1B1.10 of the Sentencing Guidelines limits the Court's discretion in resentencing a prisoner pursuant to a retroactive amendment of the Sentencing Guidelines:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment [ ] to the guideline [ ] listed in subsection (c) been in effect at the time the defendant was sentenced. . . .

U.S.S.G. § 1B1.10(b). The commentary to U.S.S.G. § 1B1.10 further limits the Court's discretion:

> In determining the amended guideline range . . ., the court shall substitute only the amendment [ ] . . . for the corresponding guideline provision [ ] that [was] applied when the defendant was sentenced. All other guideline application decisions remain unaffected.
>
> . . . . When the original sentence represented a downward departure, a compa-

rable reduction below the amended guideline range may be appropriate. U.S.S.G. § 1B1.10 cmts. 2–3.

The Court resentences Manuel in accordance with these principles. Because Manuel is no longer subject to the two-level enhancement under U.S.S.G. § 2D1.2, the Court reduces his base offense level by two levels, from twenty-eight to twenty-six. The Court again applies a three-level adjustment for acceptance of responsibility. Thus, Manuel's revised total offense level is twenty-three rather than twenty-five. The Court does not change his criminal history category of III. Accordingly, his revised sentencing range is fifty-seven to seventy-one months, as opposed to the original range of seventy to eighty-seven months. At sentencing, the Court departed downward from the original sentencing range by four months on the basis that Manuel's criminal history category overstated his criminality. Sentencing Hr'g Tr. at 35–36. The Court need not now consider whether to allow the same downward departure, because Manuel is subject to a sixty-month mandatory minimum because his offense involved more than one hundred grams of heroin. 21 U.S.C. §§ 841(b)(1)(B)(i) (creating a

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

five-year mandatory minimum for violations of section 841 involving one hundred grams or more of heroin); *see also* U.S.S.G. § 5G1.1(c)(2) (prohibiting courts from imposing sentences less than the statutory minimum). Therefore, the Court reduces Manuel's sentence from sixty-six months to sixty months imprisonment.

## III. Conclusion

For the foregoing reasons, Ramon Montes Deoca's and Geraldo Morillo's Motions to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Docket Nos. 62, 63] are DENIED. Manuel Morillo's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 61] is GRANTED, and his sentence is hereby ·reduced to sixty months imprisonment.

An amended judgment will issue.