UNITED STATES of America, Appellee,

v.

**Alvaro GALLEGO, Defendant, Appellant.**

No. 90–1109.

United States Court of Appeals, First Circuit.

Heard May 7, 1990.

Decided May 9, 1990.

Raymond E. Gillespie, Cambridge, Mass., for defendant, appellant.

Joseph M. Walker, III, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief, for the U.S.

Before TORRUELLA, SELYA and CYR, Circuit Judges.

SELYA, Circuit Judge.

This is a single issue sentencing appeal. Defendant-appellant Alvaro Gallego objects to the district court's fixing of a criminal history category (CHC) and the consequent effect of that choice on the applicable guideline sentencing range.

The facts are these. Shortly before the subject offense was committed, defendant pled guilty in state court to a charge of operating a motor vehicle while under the influence of alcohol, Mass.Gen.L. ch. 90, § 24 (1969 & Supp.1989). He was fined $300 (the DUI fine), payable on or before June 16, 1989. At the time of the subject offense (June 7, 1989), the DUI fine was not yet due and remained unpaid. The district court added two points in computing defendant's CHC because defendant perpetrated the offense of conviction while under a criminal justice sentence. *See* U.S. S.G. § 4A1.1(d) (in determining an offender's CHC, court should "[a]dd points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or es-

cape status"). This increase boosted defendant into Category II and upped the high end of the guideline range to 71 months. The offense of conviction carried a mandatory minimum term of 60 months in prison. *See* 21 U.S.C. § 841(a)(1). The district court proceeded to impose a sentence of 68 months.

■ We need not linger long over this appeal. The sentencing guidelines are perfectly clear that a fine is a "criminal justice sentence." *See* U.S.S.G. § 4A1.2(a) (defining "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea [or otherwise], for conduct not part of the instant offense").[1] In this instance, the DUI fine was not payable until a date subsequent to the commission of the offense of conviction. Thus, defendant's preexisting obligation to the criminal justice system had not been completed when he committed the new offense. The district court therefore applied the guidelines appropriately.

■ At oral argument, defense counsel conceded that the judge followed the letter of the guidelines. We believe he followed the spirit as well. We also think that the applicable guideline, so construed, is neither impermissible nor constitutionally infirm. *See generally United States v. La-Guardia*, 902 F.2d 1010, 1015 (1st Cir.1990) ("Congress' power to control judicial sentencing discretion includes the power to specify the factors a court may consider in setting a sentence.").[2]

We need go no further. The judgment and sentence must be

*Affirmed.*

---

1. Sentences (including fines) imposed in respect to certain non-felony offenses are specifically exempted. *See, e.g.,* U.S.S.G. § 4A1.2(c). It is undisputed that the crime underlying the DUI fine does not fall within this, or any other, exempt category.

2. The two point increase in this case was not imposed for nonpayment of the DUI fine. Rather, because the fine was not due and payable until June 16, 1989, Gallego was "under a crimi-

nal justice sentence" on June 7. Thus, cases such as *Bearden v. Georgia*, 461 U.S. 660, 672–73, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983) (probation may not automatically be revoked for failure to pay a fine or make restitution; court must find a willful refusal to pay or failure to make good faith effort to acquire necessary resources), relied on by appellant, are inapposite.