March 30, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1898

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 GABRIEL PREZIOSO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, U.S. District Judge]
 

 

 Before

 Torruella, Circuit Judge,
 

 Campbell, Senior Circuit Judge,
 

 and Stahl, Circuit Judge.
 

 

 John F. Cicilline for appellant.
 
 Margaret E. Curran, Assistant United States Attorney,
 
Lincoln C. Almond, United States Attorney, and Lawrence D.
 
Gaynor, Assistant United States Attorney, were on brief for
 
appellee.

 

 March 30, 1993
 

 TORRUELLA, Circuit Judge. This appeal arises out of
 

the calculation of appellant's sentence under the United States

Sentencing Guidelines ("U.S.S.G."). Appellant contends that the

district court erred in enhancing his sentence under U.S.S.G.

 4A1.1(d) based on an outstanding fine for a previous offense.

Because we agree with the district court that the enhancement was

warranted in this case, we affirm.

 THE FACTS
 

 Appellant pled guilty to unlawful possession of a

firearm by a convicted felon in violation of 18 U.S.C. 

922(g)(1). The police found the firearm while searching

appellant's home for evidence of illegal gambling. Appellant had

several prior felony convictions for gambling. At the time of

the search, appellant still owed a $5000 fine for one of these

convictions.

 The presentence report for the present conviction set

the base offense level at 12, but subtracted two levels for

acceptance of responsibility. The report then made two

adjustments for criminal history. First, the report added two

levels for appellant's prior state gambling convictions pursuant

to U.S.S.G. 4A1.1. Second, the report added two levels

pursuant to U.S.S.G. 4A1.1 because appellant was under a

criminal justice sentence, the unpaid fine, for a prior

conviction when he committed the present offense. These two

adjustments placed appellant at criminal history level III, which

together with the base offense level of 10, yielded an applicable

 -2-

range of 10-16 months. 

 Between the time of offense and the time of sentencing,

the base offense level for the felon in possession crime rose by

two levels. In such a situation, it is proper to apply the

sentencing guidelines applicable at the time of offense, rather

than the normally applicable guidelines at the time of

sentencing, in order to avoid violations of the Ex Post Facto
 

Clause of the Constitution. Id. 1B1.11. The report thus
 

relied on the guidelines as they stood at the time of the

offense, not at the time of sentencing. 

 Appellant objected to the calculation of criminal

history on two grounds. First, he argued that the unpaid fine

was not a criminal justice sentence for the purposes of U.S.S.G.

 4A1.1(d). Appellant relied on an amendment to the commentary

that became effective in November 1991 as support; he argued that

this amendment should have retroactive effect. Second, he

contended that the calculation violated the Equal Protection

Clause, in that treating a fine as a criminal justice sentence

disfavors indigent defendants who cannot pay fines quickly. The

district court judge disagreed on each argument, and sentenced

appellant to 13 months imprisonment, a $5,000 fine, and 2 years

of supervised release. Appellant revives his objection to the

criminal history calculation in this appeal.

 LEGAL ANALYSIS
 

 In 1990, we decided United States v. Gallego, 905 F.2d
 

482 (1st Cir. 1990). There we held that "the sentencing

 -3-

guidelines are perfectly clear that a fine is a 'criminal justice

sentence'" and therefore triggers the U.S.S.G. 4A1.1(d)

enhancement. Id. at 483. In November, 1991, a so-called
 

clarifying amendment to the application notes to that section was

added, stating that "a sentence to pay a fine, by itself," would

not trigger the enhancement. We must determine whether, in light

of our circuit precedent to the contrary, we should apply the

1991 amendment retroactively to the 1990 version of the

guidelines in this case.

 At the outset, we note that we normally apply

amendments retroactively only if they clarify a guideline, but

not if they substantively change a guideline. Isabel v. United
 

States, 980 F.2d 60, 62 (1st Cir. 1992). The first step in our
 

analysis, then, is to determine whether the amendment constitutes

a clarification or a substantive change. We recognized in Isabel
 

that these categories were unclear, id., and as is usually the
 

case, there are factors supporting either side.

 On the one hand, the United States Sentencing

Commission labeled the amendment as a clarification of the

meaning of a criminal justice sentence. U.S.S.G. App. C at 206,

208. Because the 1990 guideline did not say explicitly that

fines were or were not criminal justice sentences, this

characterization does not contravene any specific provision of

the guidelines themselves.

 On the other hand, our holding in Gallego weighs in
 

favor of characterizing the amendment as a substantive change.

 -4-

Given that holding, the amendment alters the guideline as

interpreted by the First Circuit. Furthermore, any amendment

that is inconsistent with the clear meaning results in a

substantive change, regardless of the Sentencing Commission's

characterization. United States v. Ruiz Batista, 956 F.2d 351,
 

353 (1st Cir.) ("if there was no ambiguity . . . the Commission

could not change [the] meaning retroactively by using a magic

word, clarification"), cert. denied, 113 S. Ct. 105 (1992). In
 

Gallego we held it to be "perfectly clear" that a fine is a
 

criminal justice sentence, as that term is used in U.S.S.G. 

4A1.1. The contrary amendment therefore would seem to represent

a substantive change, rather than a clarification.

 Given our holding in Gallego, we rule that the
 

amendment was not a clarification. Rather, the amendment

presented a change in the meaning of a clear and unambiguous

guideline. As the amendment was not a clarification, it is not

entitled to retroactive effect. Accordingly, the district court

did not err in sentencing appellant.1

 We turn now to appellant's constitutional claims.

Appellant insists that he is being penalized because he was

paying his fine incrementally according to a state established

schedule. According to appellant, the Fourteenth Amendment does

not permit criminal penalties due to a defendant's inability to

pay a fine.

 

1 We will, of course, apply the commentary in future cases not
involving retroactivity. 

 -5-

 We disagree with appellant's analysis. He is not being

penalized for nonpayment of a fine. Rather, he is being

penalized because that fine is not yet due and payable, and

therefore appellant is still subject to a criminal justice

sentence. We have rejected similar claims on these very grounds.

Gallego, 905 F.2d at 483 n.2. Furthermore, appellant is not an
 

indigent, and therefore is not entitled to the protections he

claims. See Bearden v. Georgia, 461 U.S. 660, 664-69 (1983)
 

(distinguishing between indigents and nonindigents for

constitutional purposes). Appellant's sentence invokes no

constitutional concerns.

 We cannot conclude without a respectful observation

regarding what we perceive to be a too often exercised

prerogative by the Sentencing Commission, that of making

significant alterations to the guidelines commentary accompanied

by a suggestion that the alteration is a "clarification."

Considering the thin line separating substance from clarification

in this neural area of the law, we believe judicious restraint by

the Commission would not only avoid unnecessary litigation and

the possible violation of constitutional rights, but would add to

the credibility of its action. 

 The sentence is affirmed.
 

 -6-