USCA1 Opinion

 

 March 30, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1898 UNITED STATES OF AMERICA, Appellee, v. GABRIEL PREZIOSO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ John F. Cicilline for appellant. _________________ Margaret E. Curran, Assistant United States Attorney, ____________________ Lincoln C. Almond, United States Attorney, and Lawrence D. __________________ ____________ Gaynor, Assistant United States Attorney, were on brief for ______ appellee. ____________________ March 30, 1993 ____________________ TORRUELLA, Circuit Judge. This appeal arises out of ______________ the calculation of appellant's sentence under the United States Sentencing Guidelines ("U.S.S.G."). Appellant contends that the district court erred in enhancing his sentence under U.S.S.G. 4A1.1(d) based on an outstanding fine for a previous offense. Because we agree with the district court that the enhancement was warranted in this case, we affirm. THE FACTS THE FACTS _________ Appellant pled guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1). The police found the firearm while searching appellant's home for evidence of illegal gambling. Appellant had several prior felony convictions for gambling. At the time of the search, appellant still owed a $5000 fine for one of these convictions. The presentence report for the present conviction set the base offense level at 12, but subtracted two levels for acceptance of responsibility. The report then made two adjustments for criminal history. First, the report added two levels for appellant's prior state gambling convictions pursuant to U.S.S.G. 4A1.1. Second, the report added two levels pursuant to U.S.S.G. 4A1.1 because appellant was under a criminal justice sentence, the unpaid fine, for a prior conviction when he committed the present offense. These two adjustments placed appellant at criminal history level III, which together with the base offense level of 10, yielded an applicable -2- range of 10-16 months. Between the time of offense and the time of sentencing, the base offense level for the felon in possession crime rose by two levels. In such a situation, it is proper to apply the sentencing guidelines applicable at the time of offense, rather than the normally applicable guidelines at the time of sentencing, in order to avoid violations of the Ex Post Facto ______________ Clause of the Constitution. Id. 1B1.11. The report thus ___ relied on the guidelines as they stood at the time of the offense, not at the time of sentencing. Appellant objected to the calculation of criminal history on two grounds. First, he argued that the unpaid fine was not a criminal justice sentence for the purposes of U.S.S.G. 4A1.1(d). Appellant relied on an amendment to the commentary that became effective in November 1991 as support; he argued that this amendment should have retroactive effect. Second, he contended that the calculation violated the Equal Protection Clause, in that treating a fine as a criminal justice sentence disfavors indigent defendants who cannot pay fines quickly. The district court judge disagreed on each argument, and sentenced appellant to 13 months imprisonment, a $5,000 fine, and 2 years of supervised release. Appellant revives his objection to the criminal history calculation in this appeal. LEGAL ANALYSIS LEGAL ANALYSIS ______________ In 1990, we decided United States v. Gallego, 905 F.2d _____________ _______ 482 (1st Cir. 1990). There we held that "the sentencing -3- guidelines are perfectly clear that a fine is a 'criminal justice sentence'" and therefore triggers the U.S.S.G. 4A1.1(d) enhancement. Id. at 483. In November, 1991, a so-called ___ clarifying amendment to the application notes to that section was added, stating that "a sentence to pay a fine, by itself," would not trigger the enhancement. We must determine whether, in light of our circuit precedent to the contrary, we should apply the 1991 amendment retroactively to the 1990 version of the guidelines in this case. At the outset, we note that we normally apply amendments retroactively only if they clarify a guideline, but not if they substantively change a guideline. Isabel v. United ______ ______ States, 980 F.2d 60, 62 (1st Cir. 1992). The first step in our ______ analysis, then, is to determine whether the amendment constitutes a clarification or a substantive change. We recognized in Isabel ______ that these categories were unclear, id., and as is usually the ___ case, there are factors supporting either side. On the one hand, the United States Sentencing Commission labeled the amendment as a clarification of the meaning of a criminal justice sentence. U.S.S.G. App. C at 206, 208. Because the 1990 guideline did not say explicitly that fines were or were not criminal justice sentences, this characterization does not contravene any specific provision of the guidelines themselves. On the other hand, our holding in Gallego weighs in _______ favor of characterizing the amendment as a substantive change. -4- Given that holding, the amendment alters the guideline as interpreted by the First Circuit. Furthermore, any amendment that is inconsistent with the clear meaning results in a substantive change, regardless of the Sentencing Commission's characterization. United States v. Ruiz Batista, 956 F.2d 351, _____________ ____________ 353 (1st Cir.) ("if there was no ambiguity . . . the Commission could not change [the] meaning retroactively by using a magic word, clarification"), cert. denied, 113 S. Ct. 105 (1992). In ____________ Gallego we held it to be "perfectly clear" that a fine is a _______ criminal justice sentence, as that term is used in U.S.S.G. 4A1.1. The contrary amendment therefore would seem to represent a substantive change, rather than a clarification. Given our holding in Gallego, we rule that the _______ amendment was not a clarification. Rather, the amendment presented a change in the meaning of a clear and unambiguous guideline. As the amendment was not a clarification, it is not entitled to retroactive effect. Accordingly, the district court did not err in sentencing appellant.1 We turn now to appellant's constitutional claims. Appellant insists that he is being penalized because he was paying his fine incrementally according to a state established schedule. According to appellant, the Fourteenth Amendment does not permit criminal penalties due to a defendant's inability to pay a fine. ____________________ 1 We will, of course, apply the commentary in future cases not involving retroactivity. -5- We disagree with appellant's analysis. He is not being penalized for nonpayment of a fine. Rather, he is being penalized because that fine is not yet due and payable, and therefore appellant is still subject to a criminal justice sentence. We have rejected similar claims on these very grounds. Gallego, 905 F.2d at 483 n.2. Furthermore, appellant is not an _______ indigent, and therefore is not entitled to the protections he claims. See Bearden v. Georgia, 461 U.S. 660, 664-69 (1983) ___ _______ _______ (distinguishing between indigents and nonindigents for constitutional purposes). Appellant's sentence invokes no constitutional concerns. We cannot conclude without a respectful observation regarding what we perceive to be a too often exercised prerogative by the Sentencing Commission, that of making significant alterations to the guidelines commentary accompanied by a suggestion that the alteration is a "clarification." Considering the thin line separating substance from clarification in this neural area of the law, we believe judicious restraint by the Commission would not only avoid unnecessary litigation and the possible violation of constitutional rights, but would add to the credibility of its action. The sentence is affirmed. ________ -6-