**UNITED STATES of America, Plaintiff,**

v.

**Ramon TORRES–GONZALEZ, a/k/a Rey a/k/a El Loco a/k/a Jorge Santana a/k/a Nelson Vargas, Iris Janet Concepcion–Perez a/k/a Jenny a/k/a Damaris Diaz–Diaz, Mario Torres–Melendez, David Echevarria–Rivera, Carmen Santiago–Feliciano, Evelyn Santiago–Feliciano, Jose Santiago–Feliciano a/k/a Papo Peter Parra, Jose Parra–Mora, Henry Parra–Buitrago, Jesus Martinez a/k/a Jesus Garcia a/k/a Eddie Chu, Jesus O. Ocasio a/k/a Chuito Pablo Panet–Collazo a/k/a**
**El Indio, Emilio Diaz–Castillo a/k/a Millito, William Gutierrez–Vargas a/k/a Popeyè, Alfredo Fuster–Laboy, Roberto Rivera–Martinez, Myriam Martinez–Couvertier, Juan Amaro–Rivera a/k/a Bonnie, Svaldo Rivera–Ocasio a/k/a Papotito, Felix Ortiz–Santiago a/k/a Tonina, Juan Rosa–Martinez a/k/a Johnny, Jose Enrique Bonilla–Martinez a/k/a Quique, Edwin Rivera–Bonilla, Antonio Umpierre–Brass a/k/a Tony El Gordo, Alberto Diaz–Agosto a/k/a Aby, Joe Maldonado–Hernandez, Edgardo Rodriguez–Tillet a/k/a Eggy, Sammy Medina–Soler, Juan Perez a/k/a Junio Gigolo a/k/a Pata de Juey, Defendants.**

Crim. No. 90–0370CCC.

United States District Court,
D. Puerto Rico.

Oct. 19, 1993.

Guillermo Gil, U.S. Atty., and Francisco Rebollo–Casalduc, U.S. Trial Atty., for plaintiff.

Roberto Roldán–Burgos, for defendants.

## ORDER

CEREZO, District Judge.

Presently before the court is defendant Jesús O. Ocasio–Rodriguez' Motion Requesting Modification of Sentence (docket entry 912) pursuant to 18 U.S.C. § 3582(c)(2). The defendant pled guilty of conspiring to possess with intent to distribute narcotic substances, a violation of 21 U.S.C. § 846. On May 5, 1992, defendant was sentenced to 87 months of imprisonment. His sentence was based on a Guideline Range of 28 and a Criminal History Category II. This range was computed on a controlled substance quantity of 4.9 Kg. of Cocaine, U.S.S.G. § 2D1.1(a)(3) and (c)(7), and a two-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1(a). Effective November 1, 1992, § 3E1.1 was amended—pursuant to amendment 459—to allow a three-level downward adjustment to the base offense level under certain circumstances. The defendant argues that this amendment is to be applied retroactively to his computed Guideline Range under § 1B1.10. The government filed a response to defendant's motion (docket entry 919) asserting that the modification requested by the defendant is not permitted by Section 1B1.10 and that it would be inconsistent with the policy statements issued by the Sentencing Commission. We agree. This court has no authority to apply retroactively amendment 459 and, therefore, DENY defendant's motion.

As a general rule, a sentencing court shall apply the version of the Guidelines and the policy statements that are in effect on the date the defendant is sentenced. Title 18 U.S.C. §§ 3553(a)(4) and (a)(5), U.S.S.G. § 1B1.11(a), *U.S. v. Prezioso,* 989 F.2d 52, 53 (1st Cir.1993). However, this precept is excepted when its application would result in a violation of the *ex post facto* clause of the United States Constitution. *U.S. v. Prezioso, supra,* U.S.S.G. § 1B1.11(b)(1). This would be the case when the Guidelines in effect on the date the sentence is imposed mandate a longer term than the one that would have been imposed under the version of the Guidelines in effect at the time the conduct was committed. *U.S. v.*

*Harotunian,* 920 F.2d 1040, 1042 (1st Cir. 1990).

As another departure from this general rule, in some instances where it would be beneficial for the defendant, the retroactive application of the Guidelines is permitted. The First Circuit has used a two-step analysis in determining whether an amendment to the Guidelines should be applied retroactively. *U.S. v. Prezioso, supra, U.S. v. Havener,* 905 F.2d 3 (1st Cir.1990). First, it must be determined whether the amendment is merely a clarification of the preexisting guideline or a substantive change. If the amendment clarifies a guideline, it should be applied retroactively. *U.S. v. Prezioso, supra; Isabel v. United States,* 980 F.2d 60, 62 (1st Cir.1992); *U.S. v. Havener, supra,* at p. 5. On the other hand, if the amendment substantively changes a guideline, then it should not be applied retroactively unless another condition is met. In addition to the duty to review and revise the Guidelines, Congress has granted the Sentencing Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. *Braxton v. United States,* 111 S.Ct. 1854, 1857–58 (1991), citing Title 28 U.S.C. § 994(u). This power has been implemented in Section 1B1.10 of the Guidelines which sets forth the amendments that justify sentence reduction. *Id.* Therefore, an amendment that substantively changes the Guidelines to reduce sentences may only be applied retroactively if the Sentencing Commission has allowed its retroactive application.

Amendment 459, which defendant argues should be applied retroactively, deleted the entire text of the preexisting guideline and replaced it with the present section 3E1.1. The new guideline retained the old two-level reduction for acceptance of responsibility but added an entirely new one-level reduction in offense level in certain circumstances. There is no doubt that Amendment 459 substantively changed the preexisting guideline, and did not merely clarify it. *Desouza v. United States,* 995 F.2d 323, 324 (1st Cir.1993). Accordingly, Amendment 459 should not be applied retroactively unless the

553

Sentencing Commission has provided for its retroactive application.

 Section 1B1.10 of the Guidelines provides:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c). **If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) is not consistent with this policy statement.**

.    .    .    .    .

(d) Amendments covered by this policy statement are listed in Appendix C as follows: **126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.** (Emphasis ours.)

Amendment 459 is not listed in subsection (d) of § 1B1.10. Defendant requests an amendment to his sentence based on the following, relevant provision:

The **court may not modify a term of imprisonment** once it has been imposed **except that—**

(1) . . .

(2) in the case of defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.** (Emphasis ours.)

Title 28 U.S.C. § 3582(c)(2). The language of the sentencing statute prevents us from applying an amendment without authorization, express or implied from the Sentencing Commission. *U.S. v. Havener, supra,* at p. 6. Read in its entirety, Section 3582 provides that once a district court has imposed a sentence, no one can change it, unless the offender shows some very unusual hardship, or some other statute permits such a change, or a court of appeals finds the sentence was unlawfully imposed, or the Sentencing Commission lowers the guidelines and foresees retroactive application of the new one. *Id.*

The retroactive application of Amendment 459 has not been foreseen by the Sentencing Commission. U.S.S.G. § 1B1.10(d). The reduction that the defendant requests in his imprisonment term is not, then, consistent with the Sentencing Commission's policy statements. Title 18 U.S.C. § 3582(c)(2). Therefore, this court has no authority to modify defendant's sentence. *Desouza v. United States, supra,* at p. 324.

In view of the foregoing, defendant's motion requesting reduction of sentence is hereby DENIED.

SO ORDERED.