USCA1 Opinion

 

 October 26, 1995 [Not for Publication] [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit _____________________ No. 94-2136 UNITED STATES, Appellee, v. JOHN DEGRANDIS, Defendant, Appellant. _____________________  APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ _____________________ Before Selya and Stahl, Circuit Judges, _______________ and Gorton*, District Judge. _______________ _____________________ John C. Doherty for appellant. _______________ Jeanne M. Kempthorne, Assistant United States Attorney, with ____________________ whom Donald K. Stern, United States Attorney, was on brief for _______________ the United States. _____________________ _____________________ ____________________ *Of the District of Massachusetts, sitting by designation. Per Curiam. In September of 1994, the district ___________ court sentenced John DeGrandis to a prison term of 151 months1 and three years of supervised release for a bank robbery he committed in January 1992. DeGrandis now appeals his sentence, challenging the district court's ruling that it lacked authority under the Sentencing Guidelines to depart downward from the prescribed sentencing range based on his lack of youthful guidance.2 Under the Guidelines in effect at the time of sentencing, see U.S.S.G. 1B1.11(a), "lack of guidance as a ___ youth and similar circumstances indicating a disadvantaged upbringing" were forbidden grounds for downward departure. U.S.S.G. 5H1.12. (added by amendment, Nov. 1992).  ____________________ 1. DeGrandis pled guilty without a plea agreement. Applying the Guidelines in force at the time of sentencing, the district court sentenced DeGrandis to the minimum of the Guideline range based on an adjusted offense level of 29 and a criminal history category of VI, pursuant to the career offender provisions of U.S.S.G. 4B1.1. Pursuant to U.S.S.G. 3E1.1(b), the court granted DeGrandis a three- level reduction for acceptance of responsibility.  2. At his sentencing hearing, DeGrandis advanced his childhood physical abuse as a factor supporting a departure for lack of youthful guidance. Now, in his appellate brief, he seems to suggest that childhood abuse is a separate ground for departure, distinct from lack of youthful guidance. But he does not make that clear, he makes no separate arguments, and he points to no precedent treating childhood abuse separately. We, therefore, consider childhood abuse as subsumed in his lack of youthful guidance arguments, but we would reach the same result if we considered it separately. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), ___ _____________ _______ cert. denied 494 U.S. 1082 (1980) (claims raised in _____ ______ conclusory fashion, unsupported by developed argumentation, are deemed waived). -2- 2 DeGrandis argues, however, that 5H1.12 effected a substantive change to the Guidelines subsequent to his offense, and therefore its application to him was a violation of the Ex Post Facto Clause of the Constitution. See United ___ ______ States v. Clark, 8 F.3d 839, 844-45 (D.C. Cir. 1993) (holding ______ _____ that the addition of 5H1.12 was a substantive change implicating Ex Post Facto Clause); accord United States v. ______ ______________ Johns, 5 F.3d 1267, 1272 (9th Cir. 1993); see also United _____ ___ ____ ______ States v. Prezioso, 989 F.2d 52, 53 (1st Cir. 1993) (holding ______ ________ that Guideline amendments that are "substantive" rather than "clarifying" implicate Ex Post Facto Clause). We need not reach DeGrandis' ex post facto claim. Assuming but not deciding that (1) the district court's decision not to depart downward was based on a belief that it lacked legal authority to depart based on lack of youthful guidance and (2) the district court, contrary to that belief, did have such authority,3 we hold nonetheless that the factual record does not support a downward departure for lack of youthful guidance. This circuit has not decided whether lack of youthful guidance was a permissible ground for departure  ____________________ 3. In order to assume that such authority existed, we must further assume that lack of youthful guidance was a permissible ground for departure at the time of the bank robbery, and therefore the application of Guideline 5H1.12, which was in effect at the time of sentencing but not at the time of the offense, would violate the Ex Post Facto Clause. -3- 3 before 5H1.12 was added to the Guidelines in 1992; only the Ninth and District of Columbia Circuits have approved such departures. See United States v. Clark, 8 F.3d 839, 845 ___ _____________ _____ (D.C. Cir. 1993); United States v. Anders, 956 F.2d 907, 913 _____________ ______ (9th Cir. 1992), cert. denied, 113 S.Ct. 1592 (1993); United _____ ______ ______ States v. Floyd, 945 F.2d 1096, 1099 (9th Cir. 1991). Floyd ______ _____ _____ and Anders were decided before the addition of Guideline ______ 5H1.12. The District of Columbia and Ninth Circuits have upheld departures for lack of youthful guidance even after 5H1.12 became effective, applying the pre-1992 Guidelines to avoid ex post facto problems. Clark, 8 F.3d at 845 (D.C. _____ Cir. 1993); Johns, 5 F.3d at 1272 (9th Cir. 1993). _____ The Ninth Circuit has approved departures for lack of youthful guidance based on evidence of abandonment by parents, lack of education, and imprisonment as a youth, provided that there is a nexus between those factors and the crimes for which the defendant is being sentenced. Anders, ______ 956 F.2d at 913; Floyd, 945 F.2d at 1099. The District of _____ Columbia Circuit relied on Anders and Floyd in holding that a ______ _____ combination of childhood exposure to domestic violence and lack of youthful guidance was a permissible ground for departure. Clark, 8 F.3d at 845. Cf. United States v. _____ ___ _____________ Haynes, 985 F.2d 65, 68-69 (2d Cir. 1993) (rejecting lack of ______ youthful guidance as grounds for departure and stating that defendant failed in any event to make out its elements -4- 4 (abandonment by parents, lack of education, and imprisonment as a minor), citing Floyd, 945 F.2d at 1099). Cognizant of _____ these holdings from other circuits, we shall assume arguendo ________ that lack of youthful guidance was, in January 1992, a "special circumstance[] . . . of the `kind' that the Guidelines, in principle, permit[ted] the sentencing court to consider." United States v. Rivera, 994 F.2d 942, 951 (1st _____________ ______ Cir. 1993). In Rivera, this court explained the appropriate ______ legal analysis for departures from the Guidelines. Id. at __ 946-52. In assessing circumstances "where the Guidelines do not expressly forbid, encourage, or discourage departures . . ., the district court will decide whether (and, if so, how much to depart) by examining the `unusual' nature of these circumstances." Id. at 949. Put differently, "the law tells __ the judge, considering departure, to ask basically, 'Does this case fall within the "heartland" [of typical circumstances] or is it an unusual case?'" Id. at 948. __ Rivera directs the appellate court to "review the district ______ court's determination of `unusualness' with full awareness of, and respect for, the trier's superior `feel' for the case." Id. at 952. We apply this framework for review here. __ At the conclusion of the sentencing hearing, the district judge stated that, if he had the authority to depart -5- 5 for lack of youthful guidance, he would have imposed a prison sentence of 90 months instead of 151 months. The district judge, however, made no specific factual findings to support such a departure, other than to implicitly adopt the facts in the presentence report and the mental health evaluation report. The comments of the district judge are not entirely clear. At one point in the sentencing hearing, he stated that the mental health evaluation report did not support the ___ requested departure for lack of youthful guidance; at a later point, he stated that the report did support such departure. Although the basis for the district court's decision is less than certain, we have nonetheless examined the entire sentencing record with the "respect for the trier's superior `feel'" called for in Rivera. Id. ______ __ Unfortunately for DeGrandis, the circumstances of his youth are not unusual among criminal offenders, and thus do not justify the departure he seeks. Although he had an alcoholic father who was physically and verbally abusive, that abuse was directed primarily toward DeGrandis' mother. Nor was DeGrandis abandoned by his parents in his formative years. After his parents separated during his fourteenth year, he continued to live with his mother in South Boston, his home at the time of his arrest. After the separation, DeGrandis maintained some contact with his father, who also lived in South Boston. DeGrandis did not have an unusual -6- 6 lack of education, having done well in school until he dropped out in the ninth grade, apparently because of a distaste for forced busing. While in state prison for earlier offenses, he earned a General Equivalency Diploma and took college classes. DeGrandis' entanglements with the criminal justice system did not begin until he was nineteen years old; he had no juvenile adjudications and therefore was never imprisoned as a youth. Although the suicide of his brother in 1988 was no doubt a traumatic event, DeGrandis was 23 years old at the time of the unfortunate event and it therefore does not reflect on his youthful circumstances. Contrary to DeGrandis' assertion, these facts do not warrant a departure for lack of youthful guidance.4 Our conclusion is supported by the clinical findings in the mental health evaluation report, which concluded that the "impact on DeGrandis of being raised in a dysfunctional family due to his parents' continuous fighting and subsequent separation" was that DeGrandis "developed some dysfunctional methods of dealing with stress," but that "he could have decided to change aspects of his life and adopted a different lifestyle." The Guidelines in effect at the time of his offense and at the time of his sentencing provided that mental and emotional conditions are not ordinarily  ____________________ 4. Once again, we assume but do not decide that such a departure was permissible in an appropriate case where the offense occurred before U.S.S.G. 5H1.12 became effective. -7- 7 relevant factors for departure. U.S.S.G. 5H1.3. To the extent that DeGrandis was mentally or emotionally impacted by his difficult upbringing, we do not find Degrandis' condition extraordinary. See Rivera, 994 F.2d at 948. It does appear ___ ______ from the record that drug addiction has been the most powerful demon with which DeGrandis has battled. If there is a nexus between his situation as a youth and his crimes, that nexus is drug addiction. The need for money to support that addiction is the most likely motivation for his crimes. Drug abuse, however, was a forbidden grounds for departure under the Guidelines in effect at the time of his offense and at the time of his sentencing. U.S.S.G. 5H1.4. Thus, we find that the circumstances of DeGrandis' youth do not take him outside the "heartland" of the career offender guideline. To the extent that the district judge made a finding that DeGrandis' background was sufficiently unusual to justify a departure for lack of youthful guidance, that finding was erroneous under Rivera's "respectful" ______ standard of review. 994 F.2d at 952. Remand for resentencing would therefore be "pointless." See id. at 953 ___ __ ("we should not (and would not) order a new proceeding were . . . there no significant possibility that the facts and circumstances would permit the district court lawfully to order a departure"). -8- 8 Accordingly, the sentence imposed on DeGrandis by the district judge is affirmed. ________ -9- 9