April 16, 1996 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT

 

No. 95-1751

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ANGEL SANCHEZ,

 Defendant, Appellant.

 

 ERRATA SHEET

The opinion of this Court issued on April 8, 1996, is
amended as follows:

Page 8, first line of the last paragraph: Delete "agreed"
and insert in place thereof "argued".

April 12, 1996 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT

 

No. 95-1751

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ANGEL SANCHEZ,

 Defendant, Appellant.

 

 ERRATA SHEET

The opinion of this court issued on April 8, 1996, is
amended as follows:

Page 4, heading: Change the second line of the heading by
deleting "U.S.C." and inserting in place thereof "U.S.S.G."

Page 6, line 11: Delete "Committee's" and insert in place
thereof "Commission's".

Page 9, third paragraph: Delete all but the first sentence
and insert in place of deleted material the following: 

Section 1B1.10 is a policy statement relative to the
retroactivity of amendments. Section 1B1.10(c) lists
those substantive Amendments intended to be
retroactive. The two-level reduction was added to the
Guidelines by Amendment 515. This Amendment is not
listed in Section 1B1.10(c).

Page 9, fourth paragraph, lines 3-5: Delete the bracketed
material and insert in place thereof: 

[Section 80001(b) of the Violent Crime Control and Law
Enforcement Act of 1994 which directs the Commission to
implement Section 80001(a) (the safety valve statute)]

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT
 

No. 95-1751

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ANGEL SANCHEZ,

 Defendant, Appellant.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT 

 FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge] 

 

 Before

 Cyr, Circuit Judge, 
 Bownes, Senior Circuit Judge, 
 and Stahl, Circuit Judge. 

 

M. Kristin Spath, Attorney, with whom Bjorn Lange, Assistant 
Federal Defender, was on brief for appellant.
Jean B. Weld, Assistant United States Attorney, with whom Paul M. 
Gagnon, United States Attorney, was on brief for appellee. 

 

 April 8, 1996
 

BOWNES, Senior Circuit Judge. This is a sentencing BOWNES, Senior Circuit Judge. 

case. Defendant-appellant Angel Sanchez was indicted under

21 U.S.C. 841(a)(1) on five counts of possessing and

distributing cocaine base -"crack cocaine." He entered into

a plea agreement with the government which provided that he

would plead guilty to counts one through four; count five was

dismissed. Prior to signing the plea agreement, defendant

reserved his right to challenge at sentencing the

cocaine/cocaine base sentencing disparity. Defendant was

sentenced to 108 months' incarceration with a recommendation

that he be placed in a 1,000 hour drug treatment program

while in prison. Part of the sentence was supervised release

for five years after release from prison. He was also

assessed $200.00.

Defendant raises three issues on appeal:

(1) The district court erred in
 refusing to consider at
 sentencing expert testimony
 proffered by defendant in
 support of his "rule of lenity"
 challenge to the enhanced
 statutory penalties in 21
 U.S.C. 841(B)(1)(b)(III) for
 "cocaine base".

(2) The district court erred in
 failing to consider a downward
 departure under U.S.S.G. 5K2.0.

(3) The defendant was entitled to a
 two level reduction of the
 applicable offense level, in
 order to implement the
 statutory intent of the so-
 called "safety valve"

 -2- 2

 provisions of the Violent Crime
 Control and Law Enforcement Act
 of 1994, 18 U.S.C. 
 3553(f)(1)-(5).

 The Rule of Lenity Challenge to the  The Rule of Lenity Challenge to the  
 Enhanced Penalties in  Enhanced Penalties in  
21 U.S.C. 841(b)(1)(b)(III) For Cocaine Base. 21 U.S.C. 841(b)(1)(b)(III) For Cocaine Base. 

This issue, the centerpiece of defendant's brief,

is foreclosed by our decision in United States v. Camilo, 71 

F.3d 984 (1st Cir. 1995), which was decided after briefing

and oral argument in this case. An identical challenge to

the enhanced penalties for crack cocaine was raised in

Camilo. Id. at 989-90. We rejected it for two reasons: 

First, the rule of lenity argument fails
for essentially the same reason that this
circuit previously rejected the argument
that scientific equivalence requires that
crack offenders be given the same
sentences as those who traffic in cocaine
powder. United States v. Singleterry, 29 
F.3d 733, 740 (1st Cir. 1994).

. . . .

 Second, in light of recent legislative
developments we conclude that the
Sentencing Commission cannot be said to
have failed in its statutory duty to
investigate the distinction between crack
and cocaine powder. In response to the
Sentencing Commission's April 13, 1995
vote, the House of Representatives joined
the Senate on October 18, 1995 in voting
to retain the current mandatory sentence
for possession of crack cocaine,
maintaining disparate sentences for crack
and powder cocaine possession. See 
Pub.L. No. 104-38, 1, 109 Stat. 334,
334 (1995). And on October 30, 1995, the
President signed this bill into law.
These actions preempt the Sentencing

 -3- 3

Commission's April 13, 1995 decision to
eliminate the distinction between crack
and cocaine powder from taking effect on
November 1, 1995. See 28 U.S.C.  
994(p).

Id. at 990. 

 Failure of the District Court to Grant Failure of the District Court to Grant 
a Downward Departure Under U.S.S.G. 5K2.0. a Downward Departure Under U.S.S.G. 5K2.0. 

The law in this Circuit on downward departures is

clear. We lack jurisdiction to review an appeal which is

based on the discretionary judgment of the sentencing judge.

We do, however, have jurisdiction to consider a refusal to

depart downward where the sentencing judge's decision was

based on the mistaken belief that he was prohibited by law

from doing so. See United States v. Pierro, 32 F.3d 611, 619 

(1st Cir. 1994), and cases cited therein.

This case, however, does not hinge on whether the

sentencing judge made a discretionary decision not to depart

downward or one based on his perception that he was legally

constrained from doing so.

Section 5K2.0 of the Guidelines provides in

pertinent part:

Grounds for Departure (Policy Statement) 
Under 18 U.S.C. 3553(b) the sentencing
court may impose a sentence outside the
range established by the applicable
guideline, if the court finds "that there
exists an aggravating or mitigating
circumstance of a kind, or to a degree,
not adequately taken into consideration
by the Sentencing Commission in
formulating the guidelines that should
result in the sentence different from

 -4- 4

that described." . . . The controlling
decision as to whether and to what extent
departure is warranted can only be made
by the courts.

Defendant's argument at sentencing and before us

was that a downward departure was warranted under 5K2.0

because of a circumstance not adequately taken into

consideration by the Sentencing Commission in formulating

Guideline 2D1.1(c), (the Drug Quantity Table). The

circumstance relied on was "the findings and recommendations

of the Commission's congressionally mandated study of the

disparity between powder and 'crack' cocaine." Defendant's

Brief at 14.

In rejecting defendant's motion for a downward

departure the district judge stated:

 THE COURT: The Court appreciates the
fact that the Sentencing Commission, at
the request of Congress, has been asked
to review the 100-to-1 ratio. However,
all we have at this point in time is the
Sentencing Commission's recommendations.
And in the opinion of the Court the Court
must live within the current law and the
current Guidelines as written now; that
it would be inappropriate for the Court
essentially to adopt as new policy
matters which only constitute
recommendations and have not been acted
upon by the United States Congress. We
do not know what Congress may do with
those recommendations; whether they will
be rejected in toto, whether they will be
adopted in toto, or whether they may be
adopted with changes. So it would be
pure speculation for the Court really to
operate on the assumption that these
changes are going to become policy and
law.

 -5- 5

Defendant argues that this statement shows that the

sentencing judge believed that he lacked the legal authority

to depart from the guideline range and thus his decision is

appealable as a mistake of law. The government contends that

the judge exercised his discretion in not departing

downwards, focusing on the phrase, "it would be

inappropriate."

We need not settle this argument because it makes

no difference. We rule that the circumstance relied on by

defendant, for a downward departure, the findings and

recommendations of the Sentencing Commission relative to

changing the sentence disparity between cocaine and crack

cocaine, is not a ground for departure under 5K2.0. A

Sentencing Commission's recommendation to the Congress is not

the kind of "circumstance" that the provision covers.

Moreover, we cannot blind our eyes to the fact that the

Congress shot down the Commission's recommendation. In other

words, we affirm the ruling of the district judge whether it

was discretionary or not.

Whether Defendant was Entitled to a Two-Level Whether Defendant was Entitled to a Two-Level 
Reduction Because of the "Safety Valve" Provisions Reduction Because of the "Safety Valve" Provisions 
of the Violent Crime Control Act of 1994. of the Violent Crime Control Act of 1994. 

We start with the so-called "safety valve"

provisions of the Violent Crime Control and Law Enforcement

Act of 1994. 18 U.S.C. 3553(f) provides:

 (f) Limitation on applicability of (f) Limitation on applicability of
statutory minimums in certain cases.-- statutory minimums in certain cases.

 -6- 6

Notwithstanding any other provision of
law, in the case of an offense under
section 401, 404, or 406 of the
Controlled Substances Act (21 U.S.C. 841,
844, 846) or section 1010 or 1013 of the
Controlled Substances Import and Export
Act (21 U.S.C. 961, 963), the court shall
impose a sentence pursuant to guidelines
promulgated by the United States
Sentencing Commission under section 994
of title 28 without regard to any
statutory minimum sentence, if the court
finds at sentencing, after the Government
has been afforded the opportunity to make
a recommendation, that--

 (1) the defendant does not
 have more than 1 criminal
 history point, as determined
 under the sentencing
 guidelines;

 (2) the defendant did not
 use violence or credible
 threats of violence or possess
 a firearm or other dangerous
 weapon (or induce another
 participant to do so) in
 connection with the offense;

 (3) the offense did not
 result in death or serious
 bodily injury to any person;

 (4) the defendant was not an
 organizer, leader, manager, or
 supervisor of others in the
 offense, as determined under
 the sentencing guidelines and
 was not engaged in a continuing
 criminal enterprise, as defined
 in 21 U.S.C. 848; and

 (5) not later than the time
 of the sentencing hearing, the
 defendant has truthfully
 provided to the Government all
 information and evidence the
 defendant has concerning the
 offense or offenses that were

 -7- 7

 part of the same course of
 conduct or of a common scheme
 or plan, but the fact that the
 defendant has no relevant or
 useful other information to
 provide or that the Government
 is already aware of the
 information shall not preclude
 a determination by the court
 that the defendant has complied
 with this requirement.

In arriving at the incarceration time of 108

months, the judge found that defendant met all the criteria

of the safety valve provisions. Defendant was sentenced on

July 11, 1995. The Sentencing Commission proposed an

amendment to 2D1.1(b) (specific offenses characteristics)

on May 10, 1995, to become effective November 1, 1995, unless

modified or rejected by the Congress, neither of which

occurred. The proposed amendment, therefore, became law. It

is part (4) of 2D1.1(b). It provides:

(4) If the defendant meets the
 criteria set forth in
 subdivisions (1)-(5) of 5C1.2
 (Limitations on Applicability
 of Statutory Minimum Sentences
 in Certain Cases) and the
 offense level determined above
 is level 26 or greater, 26
 decrease by 2 levels.1 2

At sentencing the judge refused to apply the then-proposed

guideline because it had not yet been enacted.

  

1. Subdivisions (1)-(5) of 5C1.2 state verbatim the safety
valve provisions of 18 U.S.C. 3553(f).

 -8- 8

The question before us is not what the parties

agrued and briefed: whether the proposed amendment should

have been applied. The issue now is whether the enacted

guideline should be applied retroactively. Unfortunately for

defendant, the answer is "no."

There is a solid line of cases in this Circuit

holding that Guideline amendments are applied retroactively

if they clarify a Guideline but are not so applied if they

substantively change a Guideline. See United States v. 

LaCroix, 28 F.3d 223, 227 n.4 (1st Cir. 1994); United States 

v. Prezioso, 989 F.2d 52, 53 (1st Cir. 1993); Isabel v. 

United States, 980 F.2d 60, 62 (1st Cir. 1992); United States 

v. Havener, 905 F.2d 3, 4-8 (1st Cir. 1990). 

The Guideline amendment appears, without much

doubt, to be substantive. It added an additional and wholly

new part to Guideline 2D1.1(b). It does not clarify the

provisions of 5C1.2; it mandates a decrease of two levels

if these provisions are met and the offense level is 26 or

greater.

In addition to our own analysis, we note that the

Sentencing Commission did not consider this amendment to be

retroactive. Section 1B1.0 is a policy statement relative to

the retroactivity of amendments. Section 1B1.10(c) lists

those substantive Amendments intended to be retroactive. The

 -9- 9

two-level reduction was added to the Guideline by Amendment

515. This Amendment is not listed in Section 1B1.1(c).

Moreover, the Amendment does not state that it is a

clarifying Amendment. Amendment 515 states: "this amendment

adds a new subsection to 2D1.1 to implement [Section

80001(b) of the Violent Crime Control and Law Enforcement Act

of 1994 which directs the Commission to implement Section

80001(a) (the safety valve statute)] by providing a two-level

decrease in offense level for cases meeting the criteria set

forth in 5C1.2(1)-(5). The effective date of this

amendment is November 1, 1995."

We can think of no reason for holding the Amendment

to be retroactive.

The judgment of the district court is affirmed in The judgment of the district court is affirmed in 

all respects. all respects 

 -10- 10