**UNITED STATES of America, Plaintiff,**

**v.**

**Jose GUEVARA, Defendant.**

**No. 00–909(DRD).**

United States District Court, D. Puerto Rico.

April 8, 2003.

Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, Saul Roman–Santiago, San Juan, PR, for defendant.

Pretrial Services, U.S. Pretrial Services, San Juan, PR, U.S. Probation, U.S. Marshal, U.S. Marshal Service, San Juan, PR, Jenifer Yois Hernandez–Vega, United States Attorney's Office, Hato Rey, PR, for Plaintiff.

## *OPINION & ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is Defendant Guevara's Motion Requesting Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (Docket No. 235) filed on December 16, 2002. The Court has carefully reviewed Defendant's motion as well as the United States' Response to Petitioner's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 2582(c)(2) (Docket No. 242) which was filed on January 15, 2003. The Court's ruling is set forth herein as follows:

On December 17, 2001, Defendant Guevara plead guilty to knowingly, intentionally, and unlawfully conspiring to possess with the intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. § 846. At sentencing, the base offense level of thirty four (34) was utilized pursuant to U.S.S.G. § 2D1.1(a)(3) as the amount of cocaine involved fell between 1.5 kg and 50 kg. A two (2) level reduction was made for Defendant's minor role pursuant to § 3B1.1(b). A three (3) level reduction was made for acceptance of responsibility pursuant to § 3E1.1 and another two (2) level reduction for safety valve compliance pursuant to § 5C1.2. As a result, Defendant's total offense level was twenty seven (27), which equated with a period of imprisonment ranging from 70–89 months. Defendant was sentenced to 70 months imprisonment on May 17, 2002.

On November 1, 2002, Amendment 640 to U.S.S.G. § 2D1.1(a)(3) became effective. Amendment 640 provides in pertinent part: "Section 2D1.1(a)(3) is amended by striking 'below.' and inserting", except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall not be more than level 30." Prior to this amendment, no cap was in place. In conjunction with the amendment, § 2D1.1(a)(3) now reads:

(a) Base Offense Level (Apply the greater);

(3) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall not be more than level 30.

U.S.S.G. § 2D1.1(a)(3).[1]

Defendant has requested a modification of his sentence arguing that, pursuant to

---

**1.** Clarifications should be applied retroactively, without specific designation, simply due to the fact they are designed to clarify a previously ambiguous preexisting guideline. *See*

18 U.S.C. § 3582(c)(2), he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant argues that the new base offense level cap should retroactively apply, lower the adjusted total offense level to 23, and limit the term of imprisonment to 46–57 months. Defendant's conclusions would be valid but for the fact that Amendment 640 to § 2D1.1(a)(3) is not retroactive. As such, Defendant's sentence shall not be altered. The Court expounds.

As the Supreme Court has explained, "Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. 28 U.S.C. § 994(u). This power has been implemented in Guideline § 1B1.10 which sets forth the amendments that justify sentence reduction." *Braxton v. United States,* 500 U.S. 344, 111 S.Ct. 1854, 1858, 114 L.Ed.2d 385 (1991). The First Circuit noted in *United States v. Havener* that § 1B1.10 "expressly forbids retroactive application" of an amendment not contained in § 1B1.10(c). *United States v. Havener,* 905 F.2d 3, 7 (1st Cir.1990).

In fact, § 1B1.10(a) specifically provides, Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C.

§ 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a).

U.S.S.G. § 1B1.10(c), which was last amended in 2000, has given retroactive application to twenty three amendments. Amendment 640 is not one of those amendments which has been given retroactive effect. Because Amendment 640 does not appear in § 1B1.10(c), this Court must conclude that "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and this is not authorized." U.S.S.G. § 1B1.10(a).

The same analysis was utilized by the First Circuit in *Havener.* When Defendant requested a modification of his sentence due to Amendment 266, pursuant § 3582(c)(2), the First Circuit noted that U.S.S.G. § 1B1.10(a) provided retroactive effect only to those amendments listed in § 1B1.10(c). As Amendment 266 was not included in that list, § 1B1.10(a) did not provide retroactive effect to Amendment 266 and no sentencing modification was authorized under 18 U.S.C. § 3582(c)(2).

At least one other District Court has specifically ruled via published opinion that Amendment 640 is not retroactive. Judge Adelman, from the Eastern District of Wisconsin, stated in *United States v. Ferreria* that "Amendment 640 to the guide-

*United States v. Prezioso,* 989 F.2d 52 (1st Cir.1993); *Isabel v. United States,* 980 F.2d 60, 62 (1st Cir.1992). Amendment 640 has unilaterally implemented an entirely new "cap" and has both substantively and substantially changed the preexisting guideline. *See Desouza v. United States,* 995 F.2d 323,

324 (1st Cir.1993); *United States v. Torres–Gonzalez,* 834 F.Supp. 550, 552 (D.P.R.1993). As such, Amendment 640 is not a clarification, but is necessarily a full blown amendment which requires the analysis undertaken by the Court herein.

lines, which established the level 30 'cap' under § 2D1.1(a)(3), is not retroactively applicable. Therefore, if [defendant] had been sentenced prior to November 1, 2002, defendant could not have moved the court pursuant to 18 U.S.C. § 3582(c)(2) for the reduction of his sentence as a result of the amendment to his guideline range." *United States v. Ferreria*, 239 F.Supp.2d 849, n. 11 (E.D.Wis.2002) *citing United States v. Torres*, 99 F.3d 360, 363 (10th Cir.1996) (holding that only amendments designated as retroactively applicable by the Commission in U.S.SG. § 1B1.10 may serve as the basis for a § 3582(c)(2) motion.).

Amendment 640 to the United States Sentencing Guidelines, which specifically modifies U.S.S.G. § 2D1.1(a)(3) to provide a base offense level cap, cannot be applied retroactively. Congress, through 28 U.S.C. 994(u), has given the United State Sentencing Commission the power to determine the retroactivity of amendments. The Sentencing Commission in turn has implemented U.S.S.G. § 1B1.10(a), which provides that only those amendments listed in § 1B1.10(c) shall enjoy retroactivity. Amendment 640 is not contained in § 1B1.10(c), thus Defendant's sentence cannot be modified via 18 U.S.C. § 3582(c)(2) as it is not retroactive. Defendant Guevara's Motion Requesting Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (Docket No. 235) is **DENIED.**

**IT IS SO ORDERED.**