**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1563

UNITED STATES,

Appellee,

v.

JULIO CONEO-GUERRERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Lipez and Howard,
Circuit Judges.

Julio Coneo-Guerrero on brief pro se.
Nelson Perez-Sosa, Assistant United States Attorney, H.S. Garcia, United States Attorney, and Sonia I. Torres-Pabon, Assistant United States Attorney, Chief, Criminal Division, on brief for appellee.

February 3, 2004

**Per Curiam**.  After carefully considering the briefs and record on appeal, we affirm the decision below.

The appellant could benefit from a retroactive application of Amendment 640 only if the amendment were listed as retroactive under U.S.S.G. § 1B1.10(c), or it served merely to clarify the existing guideline.  United States v. Prezioso, 989 F.2d 52 (1st Cir. 1993).  The amendment satisfies neither condition.  It is not listed under U.S.S.G. § 1B1.10(c), and it substantively changed the guideline by creating an entirely new cap on offense level.  *See* United States v. Diaz-Cardenas, 351 F.3d 404 (9th Cir. 2003); United States v. Garcia, 339 F.3d 116 (2nd Cir. 2003).

Affirmed.  Loc. R. 27(c).